IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NADIA LOUDON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-2060-N-BH |
| | § | |
| KILOLO KIJAKAZI, | § | |
| ACTING COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition to Obtain Approval of a Fee for Representing a Social Security Claimant*, filed March 3, 2023 (doc. 33). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

### I.   BACKGROUND

On August 4, 2020, Nadia Loudon (Plaintiff) filed a complaint seeking reversal and remand of the decision by the Commissioner of Social Security (Commissioner) to deny her application for a period of disability and Disability Insurance Benefits under the Social Security Act. (doc. 1.)[2] On March 23, 2022, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (docs. 20-22.) After receiving an extension of time, Plaintiff moved for and was awarded attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

$5,449.18. (docs. 23-26, 28-31.)

On remand, the Commissioner rendered a decision in favor of Plaintiff and awarded past-due benefits in the amount of $22,752.73. (*See* doc. 33-1 at 17.) As provided by a contingency fee agreement, Plaintiff now seeks approval under § 406(b) to pay his attorney $22,752.73, which represents 25 percent of the past-due benefits he received. (*Id.* at 20-21; doc. 33 at 10.) The Commissioner declined to take a position on the reasonableness of the fee request. (doc. 36 at 1.)

## II. ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment …." 42 U.S.C. § 406(b)(1)(A).[3] While § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," agreements that provide for fees

---

[3] The Supreme Court recently clarified that this 25 percent cap only applies to fees for court representation and does not include fees awarded under § 406(a) for agency representation. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)").

2

exceeding 25 percent of past-due benefits are unenforceable. *Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, however, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*[4]

A. **Reasonableness**

The reasonableness of attorney's fees awarded under a fee-shifting statute is generally determined by using the lodestar method.[5] *Jeter v. Astrue*, 622 F.3d 371, 378 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 801). Noting that it is not a fee-shifting statute, however, the Supreme Court has explicitly rejected the use of the lodestar method as the starting point in determining the reasonableness of a fee under § 406(b). *See Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give the contingency fee agreement 'primacy'", although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is … in order [to disallow windfalls for lawyers]." *Gisbrecht*, 535 U.S. at 808 (citations and quotations omitted). Courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall, but only if they "articulate additional factors demonstrating that the

---

[4] As noted, the Commissioner has declined to assert a position on the reasonableness of Plaintiff's fee request. (doc. 36 at 1-2.) The Fifth Circuit has observed that the Commissioner has no direct financial stake in the fee determination; rather, her role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Questioning the reasonableness of the fees sought appears consistent with this role.

[5] This method consists of multiplying a reasonable number of hours by a reasonable hourly rate. *Raspanti v. Caldera*, 34 F. App'x 151 (5th Cir. 2002); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. Feb. 29, 2000) (citations omitted).

excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. *Id.* at 381. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (quoting *Brannen v. Barnhart*, No. 1:99-CV-0325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17. The award under § 406(b) will be offset by any EAJA fees awarded.[6] *Id.* at 796; *accord Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) ("Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), but … must refun[d] to the claimant the amount of the smaller fee.") (citations and internal quotation marks omitted).

As to the first factor recognized in *Jeter*, courts have consistently noted that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*,

---

[6] The EAJA authorizes an award against the Government for reasonable fees in "civil action[s]." *See* 28 U.S.C. §§ 2412(d)(1)(A), (2)(A).

No. 3:10-CV-056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that on average only 35 percent of claimants who appealed their case to federal court received benefits), *adopted by* 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *adopted by* 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. (*See* doc. 14-1.)

With regard to the third factor, i.e., the percentage of the past-due benefits the fee constitutes, the requested fee of $22,752.73 constitutes no more than 25 percent of the past-due benefits that were awarded on remand. (docs. 33 at 10; 33-1 at 17.) This does not exceed the maximum allowable under § 406(b). *See Gisbrecht*, 535 U.S. at 807.

Counsel's resulting hourly rate of $915.60 falls below amounts that have been approved by courts as reasonable. (doc. 33 at 9); *see Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (finding that the "de facto hourly rate of $1,245.55 per hour" did not constitute an unearned windfall but fair compensation for attorney's fees under § 406(b)); *Prude v. U.S. Comm'r, Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan. 22, 2014) (finding that the resulting hourly fee of $937.50 was reasonable in light of factors "such as the few attorneys in the area who will handle a disability appeal," "the lack of compensation in the many unsuccessful cases," and the fact that the fee was "not attributable to anything other than the attorney's own work"). The resulting hourly rate requested here therefore seems reasonable.

Moreover, counsel provided effective and efficient representation, expending over 24 hours reviewing the evidence and drafting a summary judgment brief and a reply brief. (doc. 33 at

5

11-13; *see* docs. 17, 19); *see also Hardy v. Callahan*, No. 9:96-CV-257, 1997 WL 470355, at *9 (E.D. Tex. Aug. 11, 1997) (finding a typical EAJA application claims between thirty and forty hours worked at the district court level). Given the multiple denials at the administrative level, the attorney's success in both the appeal and subsequent administrative hearing appears to be attributable to his own work. The contingency fee requested in this case does not exceed 25 percent of the remaining past-due benefits awarded to Plaintiff. (docs. 33 at 10; 33-1 at 17.) Finally, while certainly not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25 percent fee. (doc. 33-1 at 20-21); *see Jeter*, 622 F.3d at 381-82; *see also Brannen*, 2004 WL 1737443, at *6 ("When, as here, the agreement calls for a fee of twenty-five percent of past-due benefits—*the same percentage allowed by statute*—the fee contemplated by the agreement, if not presumptively reasonable, is at least a forceful starting point and solid benchmark." (emphasis in original)).

After weighing the relevant factors, the requested contingency fee award in the amount of $22,752.73 is reasonable and should be granted.

## B. EAJA Refund

As noted, Plaintiff's counsel was previously awarded EAJA fees. (*See* docs. 31; 33 at 9; 36 at 6.) "A claimant's attorney may either reduce a § 406(b) claim by the amount of EAJA fees, or may receive both fees, but must then refund the smaller of the two fees to the plaintiff." *Bradford v. Comm'r of Soc. Sec.*, No. 3:18-CV-123-DAS, 2020 WL 5995690, at *3 (N.D. Miss. Oct. 9, 2020) (citing *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 2173 (11th Cir. 2010) ("Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled—the attorney

does not get a double recovery.")); *see also Gisbrecht*, 535 U.S. at 796 (finding that when both EAJA fees and § 406(b) fees are awarded, counsel must "refund to the [plaintiff] the amount of the smaller fee").

Here, Plaintiff's counsel represents that he will properly refund the $5,449.18 that he received under EAJA. (*See* doc. 33 at 9.) Because Plaintiff's fee request of $22,752.73 under § 406(b) is reasonable and should be awarded, counsel should return to Plaintiff the smaller fee of $5,449.18 under the EAJA. *See Panos v. Berryhill*, No. EP-17-CV-00220-ATB, 2019 WL 2368684, at *5 (W.D. Tex. June 5, 2019) (finding that because the fee request under § 406(b) was reasonable and should be awarded, the plaintiff's counsel must refund to her the smaller fee awarded under EAJA); *see also Tate v. Colvin*, No. 3:13-CV-904-DPJ-FKB, 2016 WL 744474, at *4 (S.D. Miss. Feb. 23, 2016) (granting the plaintiff's motion for attorney's fees under § 406(b) and requiring that the plaintiff's counsel refund the $4,738.09 in EAJA fees to the plaintiff).

### III. RECOMMENDATION

Plaintiff's motion should be **GRANTED**, and his counsel should be awarded $22,752.73 in attorney's fees out of his past-due benefits under 42 U.S.C. § 406(b). The award of attorney's fees should be made payable directly to Plaintiff and mailed to his counsel.

**SO RECOMMENDED** on this 12th day of June, 2023.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE